# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2202003865 |
| | ) | |
| WILLIAM NOWLIN, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  July 12, 2023
Date Decided:  August 30, 2023

## ORDER ON DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

On this 30th day of August, 2023, upon consideration of Defendant, William Nowlin's ("Defendant") Motion for Sentence Modification (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.  On March 13, 2023, Defendant pled guilty to the charges of Unlawful Sexual Contact in the Third Degree.[2]  A pre-sentence investigation was Ordered and on June 2, 2023, Defendant was sentenced to one (1) year at Level V, suspended for one (1) year at Level III, GPS monitoring, with a hold at Level V until a GPS is available.[3]  As special conditions of Defendant's probation, he was Ordered to have no contact with any minor under the age of eighteen (18) years of age, be evaluated

---

[1] D.I. 13.
[2] D.I. 11.
[3] D.I. 18.

for substance abuse and follow any and all recommended treatment, undergo a mental health evaluation and follow any and all recommended treatment and to register as a Tier 1 sex offender pursuant to 11 *Del. C.* § 4121(d)(3). Additionally, Defendant was Ordered to have no contact with his minor victim, the family of his minor victim, or the school of his minor victim. Defendant was Ordered to be evaluated by Department of Corrections ("DOC") for sex offender treatment programs while at Level III supervision and must be enrolled in all evaluations within the first six (6) months of his probation.

2. On June 9, 2023, Defendant filed the instant letter motion for modification of sentence, requesting the Court remove the GPS monitoring requirement, as his employment with Amtrak requires him to travel out of state and that is not permitted while under GPS supervision.[4] The State filed opposition, stating that no documentation has been provided by Defendant showing such employment is in jeopardy.[5] In response, Defendant has submitted one document from a Lenny W. Buchanan, Vice-Chairman of the United Passenger Rail Federation MNWED-I.B.T., which appears to be a Union of which Defendant is a member.[6] Mr. Buchanan is neither an employee of Amtrak, so far as the Court can tell, nor is he Defendant's supervisor, however, the letter states that Defendant's employment

---

[4] D.I. 13.
[5] D.I. 15.
[6] D.I. 16.

requires out of state travel, sometimes at little notice to Defendant. Defendant himself, while represented by counsel, initially submitted this letter directly to the Court, *ex parte*, via electronic mail and without a copy to defense counsel. Defense counsel and the State was immediately informed of the Defendant's action and resubmitted the Buchanan letter in the proper format.[7]

3. The Court once again received *ex parte* electronic mail communication in this case from a Shanice Nowlin, who purports to be Defendant's daughter. This letter, electronically sent on July 11, 2023, also failed to copy even defense counsel and sought to provide character support for Defendant with respect to the instant request for modification of sentence. The Court, yet again, immediately alerted the State and defense counsel of this contact and gave Defendant the opportunity – through counsel – to resubmit this letter in the appropriate fashion. Defense counsel did so, and re-submitted this letter, along with numerous other character letters in support of Defendant's instant request in proper letter form, on July 12, 2023.[8]

4. Under Superior Court Criminal Rule 35(b), "the court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for

---

[7] D.I. 17.
[8] D.I. 19.

a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. Further, the Court may decide the motion without presentation or formal hearing."[9]

5.    Being as this is Defendant's first motion to modify his sentence, and it was filed within ninety (90) days of his sentencing, the motion is timely and will be considered on its merits.[10]

6. Although timely, the motion is still without merit. The sentence imposed by the Court was done so after thoughtful consideration of all parties and all materials presented at the sentencing hearing. The Court had the benefit of the full pre-sentence investigation ordered prior to sentencing. All potential SENTAC aggravators and mitigators were considered in the deliberation of the sentence[11] and the Court crafted a sentence which balanced the offense committed by the Defendant and the necessary conditions to sufficiently protect both the minor victim and society. While the Court was aware of Defendant's employment, it was unaware of any potential for employment issues the GPS monitoring may pose. However, this fact does not change the Court's consideration of the conditions.

---

[9] Super. Ct. Crim. R. 35(b).
[10] Superior Court Criminal R. 35.
[11] The following SENTAC aggravators were found: Undue Depreciation of Offense, Lack of Remorse and Offense Against a Child; The SENTAC mitigator of no prior criminal history was also found.

7. Defendant previously pled guilty and was aware that the Court had the legal authority to sentence him within the bounds of the law, including up to one full year of incarceration. At that time and pursuant to Criminal Procedural Rule 11(c)(1), the Court addressed Defendant in open court and determined that Defendant understood the nature of the charge to which the plea was offered and the potential penalty provided by law. Accordingly, Defendant acknowledged in open court that the range of possible penalties included any lawful sentence that can be imposed by the Court.[12]

8. The specific facts that constituted Defendant's crime of Unlawful Sexual Contact Third Degree here were, and still are, alarming and concerning to the Court. The Defendant, who was in a position of trust, committed a criminal sexual act against his twelve (12) year old victim. Even more concerning, at the time of the pre-sentence investigation and at sentencing, Defendant attempted to place blame on his minor victim. The victim, unfortunately, is not in a position where s/he has the support and protection of family members, thus the Court structured this sentence accordingly for specific reasons. The letter from the Union Representative and the letters of support of Defendant's character received do not overcome the careful considerations of the Court that were within its legal authority.

---

[12] D.I. 11.

8. Accordingly, Defendant's Motion for Modification of Sentence is

**DENIED**.

**IT IS SO ORDERED.**

_____

Danielle J. Brennan, Judge

Original to Prothonotary

Cc:  James Turner, Esquire, Office of Defense Services
     Diana Dunn, Esquire, Department of Justice
     Investigative Services